IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TERRYONTO MCGRIER,

        Plaintiff,

v.                                                                       CIVIL ACTION NO.   2:25-cv-00270

DISMAS CHARITIES, et al.,

        Defendants.

**PROPOSED FINDINGS & RECOMMENDATION**

    This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge by standing order for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 2). For the reasons explained more fully herein, it is respectfully **RECOMMENDED** that this civil action be **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**I.     BACKGROUND**

    Plaintiff Terryonto McGrier ("Plaintiff"), proceeding pro se, filed his letter-form complaint in this civil action on April 23, 2025. (ECF No. 1). Therein, Plaintiff appears to assert an unspecified claim pursuant to 42 U.S.C. § 1983 against Defendants, Dismas Charities, James Sands, Kylie McCarthy, and Travis Wysocki. *See id*. At the time the Plaintiff filed his pro-se complaint, he did not pay the requisite filing fee, and did not seek leave of Court to proceed *in forma pauperis*. Accordingly, on April 25, 2025, the undersigned entered an *Order* requiring that Plaintiff "either (A) pay the applicable filing

fee, in full, to the Clerk of the U.S. District Court for the Southern District of West Virginia; or (B) complete and file an *Application to Proceed Without Prepayment of Fees and Costs*—available on the Court's website[.]" (ECF No. 4 at 1-2). The undersigned's *Order* required Plaintiff to comply with this directive by no later than 4:00 p.m. EST on Friday, May 23, 2025. *Id.* at 1. Further, Plaintiff was expressly notified therein, in bold and underlined font, "that failure to comply with one or more of the directives of the instant order WILL result in the undersigned's recommendation to the presiding District Judge that this matter be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure." *Id.* at 2. The Clerk of Court was directed to mail a copy of the *Order*, along with a blank Application to Proceed Without Prepayment of Fees and Costs, to Plaintiff at his address of record. *Id.* There is no indication on the record that the mail was returned undelivered.

Plaintiff did not comply with the undersigned's *Order* within the time provided therein. To date, Plaintiff has not paid the filing fee and has not applied to proceed *in forma pauperis*. Ultimately, Plaintiff has not otherwise responded to the Court's directives at all. In fact, the record shows that Plaintiff has not taken any action in the instant matter since initially filing his letter-form complaint on April 23, 2025.

## II.   DISCUSSION

Dismissal is proper because Plaintiff failed to prosecute his claims despite being warned of the consequences of such inaction. The Federal Rules of Civil Procedure expressly authorize dismissal of an action when "the plaintiff fails to prosecute or to comply with the[ ] rules or a court order[.]" Fed. R. Civ. P. 41(b). Although Rule 41(b) does not expressly provide for *sua sponte* dismissal, it is well-established that "a district court

has the inherent power to dismiss a case for lack of prosecution or violation of a court order . . . whether or not a defendant makes a motion requesting that such action be taken." *Ramsey v. Rubenstein*, 2:14-cv-03434, 2016 WL 5109162, at *2 (S.D. W. Va. Sept. 19, 2016) (citations omitted). "[B]uild[ing] upon a federal court's well-established inherent authority, of ancient origin, to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts," the dismissal authority conferred by Rule 41(b) "recognizes the foundational principle that courts must have the authority to control litigation before them," and to protect the orderly administration of the docket. *Id.*

In considering whether to dismiss an action *sua sponte* for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the Court must look to the following four factors: (1) plaintiffs' degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Ramsey*, 2016 WL 5109162, at *2 (citing *Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990)) [hereinafter the "*Hillig* factors"]. The *Hillig* factors "are not meant to be applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether or not dismissal is appropriate." *Ramsey*, 2016 WL 5109162, at *2 (citing *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1991)). Although dismissal with prejudice is a harsh sanction which should not be invoked lightly, the ultimate dismissal decision is left to the discretion of the trial court. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); *Timmons v. United States*, 194 F.2d 357, 359 (4th Cir. 1952). Importantly, the Fourth

Circuit explained that "the district court should dismiss the case" when a plaintiff "has ignored an express warning that noncompliance with a court order will result in dismissal." *Douglas v. Heater*, 2:20-cv-00856, 2021 WL 784806, at \*2 (S.D.W. Va. Mar. 1, 2021) (citing *Bey ex rel. Graves v. Virginia*, 546 Fed. App'x 228, 229 (4th Cir. 2013) (per curiam) [hereinafter *Graves*]).

Based upon the particular circumstances of this case, the undersigned **FINDS** that the four *Hillig* factors, on balance, strongly support dismissal with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The first factor—the degree of personal responsibility—weighs in favor of dismissal. The lack of forward progress in this matter is attributable solely to the Plaintiff's own conduct. By ordering Plaintiff to either pay the applicable filing fee or move to proceed *in forma pauperis* on or before May 23, 2025, the undersigned's April 25, 2025 *Order* expressly placed responsibility for moving the case forward in the Plaintiff's hands. Plaintiff's failure to comply—along with his failure to seek relief from the Court's directive, or to otherwise communicate any intent to further prosecute this matter—renders Plaintiff personally responsible for the lack of forward progress in this matter. *See Favors v. Hickey*, 1:05-cv-0697, 2006 WL 1644180, at \*2 (S.D.W. Va. June 12, 2006) (finding plaintiff's inaction to be the sole cause of four-month delay in proceedings, weighing in favor of dismissal under the first *Hillig* factor).

The second *Hillig* factor—the amount of prejudice caused to the Defendants—is not present in this case because Defendants have not been required to make an appearance at this stage of the proceedings, as they have not been served with process under Rule 4 of the Federal Rules of Civil Procedure. This factor thus weighs against dismissal.

The third factor—a drawn-out history of deliberately proceeding in a dilatory fashion—does favor dismissal, for the same reasons set forth supra with respect to the first *Hillig* factor. Plaintiff ignored the undersigned's May 23, 2025 deadline, failed to request an extension of time to comply, and failed to otherwise seek relief from the requirements of the undersigned's *Order* or to contact the Court in any manner. Indeed, Plaintiff has taken no steps whatsoever to advance his case since filing the complaint.

The fourth and final *Hillig* factor—the effectiveness of sanctions less drastic than dismissal—also weighs in favor of dismissal, because Plaintiff has chosen already to ignore the express warning in the undersigned's *Order* that failure to comply "**WILL result in the undersigned's recommendation to the presiding District Judge that this matter be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure**." (ECF No. 4 at 2). Consequently, just as the Fourth Circuit found in *Graves*, cited *supra*, this civil action should likewise be dismissed because Plaintiff "ignored an express warning that noncompliance with a court order will result in dismissal." *Graves*, 546 Fed. App'x at 229. *See also Douglas*, 2021 WL 784806, at *2 ("Where a litigant has ignored an express warning that noncompliance with a court order will result in dismissal, the district court should dismiss the case."). Furthermore, the fourth *Hillig* factor particularly weighs in favor of dismissal because Plaintiff has not attempted to rectify or otherwise explain the noncompliance. Particularly when there is nothing in the record as it currently stands which would lead the Court to conclude that Plaintiff did not receive service of the undersigned's *Order*, the undersigned **FINDS** that the record indicates Plaintiff has ignored an express warning that his noncompliance would result in dismissal.

5

Finally, Plaintiff's pro-se status in this matter does not exempt him from the obligation to comply with the directives of the Court, or with the resultant consequences for failure to meet that obligation. *See Short v. Colvin*, 5:10-cv-01078, 2013 WL 6388724, at *2 (S.D. W. Va. Dec. 6, 2013) (explaining propriety of dismissal despite plaintiff's pro-se status). In addition to the express notice afforded to Plaintiff in this matter that failure to comply with the undersigned's Order would result in the recommendation of dismissal, the Court's operative Pro Se Handbook—which is publicly available on the Court's website—also explains to pro-se litigants that "[i]f you decide to proceed pro se, you will be responsible for learning about and following all the procedures that govern the court process . . . [and] for becoming familiar with and following the Court's local rules and procedures." *Id.* at §§ 2.3, 4. The Handbook also expressly notifies pro-se parties that "[t]he Court may penalize a party or attorney for failing to comply with a law, rule or order at any point while a lawsuit is pending . . . and pro se litigants are subject to the same sanctions as licensed attorneys." *Id.* Absent any indication in the record that Plaintiff is "any . . . less legally sophisticated than any other non-lawyer," his pro-se status does not afford him a "free pass" to ignore Court orders. *Givens v. Criswell*, 5:08-cv-25, 2010 WL 10862445, at *2 (N.D. W. Va. June 24, 2010). Accordingly, based upon the foregoing, the undersigned respectfully **RECOMMENDS** that this matter be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

### III.     RECOMMENDATION

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that this civil action be **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days (filing of objections) and three (3) days (mailing) from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Copies of any objections shall be provided to the opposing party or, if it is represented by counsel, to its counsel, and to Judge Goodwin.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals. 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation, and to transmit a copy of the same to the presiding U.S. District Judge, counsel of record, and any unrepresented party.

ENTERED: May 30, 2025

Dwane L. Tinsley
United States Magistrate Judge